Morris E. Spector, J.
Plaintiff seeks to temporarily enjoin defendants from instituting any proceedings against it or to interfere with plaintiff’s possession of certain demised premises pending determination of its action for a declaratory judgment. Defendants, prospective purchasers of certain premises presently leased to plaintiff, have stated that plaintiff has violated the terms of its lease by making unauthorized alterations and have further asserted that plaintiff will be obligated to restore the premises to their original pre-lease condition. In its complaint plaintiff alleges that it has done no act in connection with its use of the premises violative of the provisions of the lease and further alleges in paragraph 16 thereof that the lease does not contain any requirement respecting its alleged obligation to restore the premises to their original condition. Both these allegations can be properly interposed as defenses to any summary proceeding the prospective purchasers may institute in the future.
In view thereof, it is readily apparent that the plaintiff has an adequate remedy at law and that its rights will be fully protected. The defendants have not yet acquired title to the premises. It is entirely possible that they may never institute any summary proceedings, thus rendering academic plaintiff’s action for a declaratory judgment. No cogent reason has been demonstrated herein to warrant an advance determination at this time with respect to plaintiff’s obligations under the lease with its present landlord, who, incidentally, has not been named as a party in the declaratory judgment action. Aside from the fact that a proper and binding declaration of plaintiff’s rights under the lease cannot be made in the absence of the other party to the lease, plaintiff has completely failed to demonstrate that a granting of the drastic relief sought herein is warranted.
The motion for an injunction pendente lite is, accordingly, denied and the interim stay contained in the order to show cause is vacated.
Defendants, by cross motion, seek to dismiss the complaint for insufficiency pursuant to subdivision 4 of rule 106 of the Rules of Civil Practice. For the reasons set forth in the court’s disposition of the motion in chief — an adequate remedy at law, lack of necessity and the absence of a necessary party — the cross motion to dismiss the complaint is granted.